**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | Case No. 11 C 2485 |
| ) | |
| v. ) | Judge |
| ) | |
| RICARDO JOSE LABRA, individually, ) | Magistrate Judge |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR PERMANENT INJUNCTION
AND OTHER EQUITABLE RELIEF**

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1. The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendant's acts or practices in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b).

3. Venue is proper in this district under 28 U.S.C. § 1391(b) and 15 U.S.C. § 53(b).

**PLAINTIFF**

4. The FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a),

which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC also enforces Section 12 of the FTC Act, 15 U.S.C. § 52, which prohibits false advertisements for food, drugs, devices, services, or cosmetics in or affecting commerce.

5. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. §§ 53(b) and 56(a)(2)(A).

### DEFENDANT

6. Defendant Ricardo Jose Labra is an individual who resides in Grand Rapids, Michigan. Defendant transacts or has transacted business in this District and throughout the United States in connection with the matters alleged herein. At all times material to this Complaint, acting alone or in concert with others, Defendant has advertised, marketed, and promoted weight loss and other products to consumers throughout the United States.

### COMMERCE

7. At all times material to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

### DEFENDANT'S BUSINESS ACTIVITIES

8. Since at least May 2009, Defendant has advertised, marketed, and promoted various products to consumers throughout the United States, including, but not limited to, purported weight loss products containing acai berry, which include Max Acai, AcaiMaxx, Acai Max, Maqui Berry Lean, Acai Optimum, Acai Nutraburst, and AcaiPure (collectively, the "Acai Berry Products"), purported companion colon cleansing products, which include Advanced

Cleanse, Colon Healing, ColoPure Cleanse, NatraClean Colon Cleanse, Colotox, and Liquiboost (collectively, the "Colon Cleanse Products"), work-at-home kits, teeth whiteners, and skin cream.

9. Defendant promotes these products through websites designed to look like news reports. These sites use domain names such as consumernewspick.com and theconsumerweeklydigest.com and include headings or titles such as "News Alerts" and "Special Report." The sites often include the names and logos of major broadcast and cable television networks, falsely representing that the reports on the sites have been seen on these networks.

10. The sites purport to provide objective investigative reports authored by reporters or commentators typically pictured on the sites. The supposed authors of the reports claim to have tested the products on themselves and experienced dramatic and positive results. Following the reports are "responses" or "comments" that appear to be independent statements made by ordinary consumers.

11. In fact, Defendant's news reports are fake. Reporters or commentators pictured on the sites are fictional and never conducted the tests or experienced the results described in the reports. The "responses" and "comments" following the reports are simply additional advertising content, not independent statements from ordinary consumers.

12. Defendant also promotes products, including the Acai Berry Products and the Colon Cleanse Products, through websites designed to look like personal blogs. These sites use domain names such as kristingotskinny.com and rachaels-blog.com and include headings such as "Kristin's Weightloss Blog, Story of How I Lost 53 lbs of Fat Using a 'Duo Diet,'" and "Rachael's (me) Weightloss story Blog, How I Lost Weight Using a 'Wonder Berry' Pill." The

sites purport to be ordinary, independent consumers' blogs describing personal experiences using the featured products and the positive results achieved.

13. The sole purpose of Defendant's websites is to promote the featured products on behalf of third-party merchants who then sell the products on other websites. Defendant's promotional websites are designed to entice consumers to click on links that will transfer them to a merchant's website. Defendant receives a commission or other payment for each consumer who clicks on a link and ultimately makes a purchase or signs up for a "free trial" on the merchant's website. In this context, Defendant commonly is referred to as an "affiliate marketer."

14. Defendant has failed to disclose in a clear and conspicuous manner that he is not objectively evaluating these products and, in fact, is being paid to promote the products. Defendant's websites either fail entirely to disclose these facts, or fail to do so adequately. The relevant information, if disclosed at all, typically appears in small type at the bottom of the web page, following the fake consumer comments, well below the links to the products being sold.

15. In promoting products through his websites, Defendant also makes deceptive claims about the products. Defendant has represented, for example, that the Acai Berry Products, alone or in combination with the Colon Cleanse Products, cause rapid and substantial weight loss. Defendant typically claims on his sites that reporters and others who tested the Acai Berry Products, alone or in combination with the Colon Cleanse Products, lost twenty-five pounds or more in four weeks without any special diet or intense exercise.

16. In truth and in fact, the Acai Berry Products, alone or in combination with the Colon Cleanse Products, do not cause rapid and substantial weight loss. Defendant does not possess or rely upon a reasonable basis to substantiate representations that consumers who use

the Acai Berry Products, alone or in combination with the Colon Cleanse Products, will rapidly lose a substantial amount of weight.

## VIOLATIONS OF THE FTC ACT

17. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

18. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act. Section 12 of the FTC Act, 15 U.S.C. § 52, prohibits the dissemination of any false advertisement in or affecting commerce for the purpose of inducing, or which is likely to induce, the purchase of food, drugs, devices, services, or cosmetics. For the purposes of Section 12 of the FTC Act, 15 U.S.C. § 52, the Acai Berry Products and the Colon Cleanse Products are either a "food" or a "drug" as defined in Section 15(b) and (c) of the FTC Act, 15 U.S.C. § 55(b), (c).

## COUNT ONE

### False and Unsubstantiated Product Claims

19. Through the means described in Paragraphs 8 through 16 of this Complaint, Defendant has represented, directly or indirectly, expressly or by implication, that use of the Acai Berry Products, alone or in combination with the Colon Cleanse Products, will result in rapid and substantial weight loss, including as much as twenty-five pounds in four weeks.

20. The representations set forth in Paragraph 19 of this Complaint are false or were not substantiated at the time the representations were made.

21. Therefore, the making of the representations as set forth in Paragraph 19 of this Complaint constitutes a deceptive act or practice and the making of false advertisements, in or

affecting commerce, in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

## COUNT TWO

### Misrepresentations (Fake News Reports)

22. Through the means described in Paragraphs 8 through 16 of this Complaint, Defendant has represented, directly or indirectly, expressly or by implication, that:

    a. Defendant's websites are objective news reports;

    b. Objective news reporters have performed independent tests demonstrating the effectiveness of the products featured; and

    c. The comments following the "articles" on Defendant's websites express the views of independent consumers.

23. In truth and in fact:

    a. Defendant's websites are advertisements made to appear as objective news reports;

    b. Objective news reporters have not performed independent tests demonstrating the effectiveness of the products featured; and

    c. The comments following the "articles" on Defendant's websites do not express the views of independent consumers.

24. Therefore, the making of the representations as set forth in Paragraph 22 of this Complaint constitutes a deceptive act or practice, in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT THREE

### Failures to Disclose (Connection to Seller)

25. In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of Acai Berry Products, Colon Cleanse Products, and other products, including through the means described in Paragraphs 8 through 16 of this Complaint, Defendant has represented, directly or indirectly, expressly or by implication, that the content of his websites has been authored by an objective journalist who has conducted independent tests.

26. In numerous instances in which Defendant has made the representation set forth in Paragraph 25 of this Complaint, Defendant has failed to disclose or disclose adequately to consumers that the content of Defendant's websites has not been authored by an objective journalist but is in fact an advertisement placed by Defendant. Defendant receives commissions or other payments when consumers purchase the products or sign up for "free trials" on the product-selling websites.

27. Defendant's failure to disclose or disclose adequately the material information described in Paragraph 26 of this Complaint, in light of the representation described in Paragraph 25 of this Complaint, constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## **CONSUMER INJURY**

28. Consumers have suffered and will continue to suffer substantial injury as a result of Defendant's violations of the FTC Act. In addition, Defendant has been unjustly enriched as a result of his unlawful acts or practices. Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## **THIS COURT'S POWER TO GRANT RELIEF**

29. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Court's own equitable powers, requests that the Court:

A. Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including but not limited to temporary and preliminary injunctions, an order preserving assets, and an accounting;

B. Enter a permanent injunction to prevent future violations of the FTC Act by Defendant;

C. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendant's violations of the FTC Act, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

D.    Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

        Respectfully submitted,

        WILLARD K. TOM
        General Counsel

DATED: April 13, 2011        /s/ Joannie T. Wei
        Joannie T. Wei
        Steven M. Wernikoff
        Federal Trade Commission
        55 West Monroe Street, Suite 1825
        Chicago, Illinois 60603
        (312) 960-5634 [telephone main]
        (312) 960-5600 [facsimile]
        jwei@ftc.gov [email]
        swernikoff@ftc.gov [email]
        Attorneys for Plaintiff
        FEDERAL TRADE COMMISSION